**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiff*
Our File No.: 109363

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANNAMARIA M. PATTERSON,<br><br>Plaintiff,<br><br>vs.<br><br>TERRILL OUTSOURCING GROUP, LLC d/b/a SUPERLATIVE RM<br><br>Defendant. | Docket No:<br><br>**COMPLAINT**<br><br>JURY TRIAL DEMANDED |

ANNAMARIA M. PATTERSON (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against TERRILL OUTSOURCING GROUP, LLC (hereinafter referred to as "*Defendant*"), as follows:

**INTRODUCTION**

1. This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, ("FDCPA"), The Rosenthal Fair Debt Collection Practices Act ("The Rosenthal Act") California Civil Code § 1788 et. seq, and New York General Business Law ("NYGBL") § 349.

**JURISDICTION AND VENUE**

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d), and jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

3. This Court has personal jurisdiction over Defendant because Defendant maintains its principal place of business in California.

4. Venue is proper under 28 U.S.C. §1391(b) because Defendant resides in this Judicial District and/or because a substantial part of the events or omissions giving rise to this claim occurred in this Judicial District.

5. At all relevant times, Defendant conducted business within the State of California.

## PARTIES

6. Plaintiff is an individual who is a citizen of the State of New York.

7. Plaintiff, a "consumer" as defined by 15 U.S.C. § 1692a(3), is allegedly obligated to pay a debt.

8. On information and belief, Defendant's principal place of business is located in Elk Grove, California.

9. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

10. Defendant is a person who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a debt collector as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS

11. Plaintiff's alleged debt was primarily for personal, family or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

12. Sometime after the incurrence of the debt, but before the initiation of this action, Plaintiff is alleged to have fallen behind on payments allegedly owed on the alleged debt.

13. At a time known only to Defendant, Plaintiff's alleged debt was assigned or otherwise transferred to Defendant for collection.

14. In its efforts to collect the alleged debt, Defendant contacted Plaintiff by written correspondence.  ("<u>Exhibit 1</u>.")

15. Defendant's written correspondence to Plaintiff was a "communication" as defined by 15 U.S.C. § 1692a(2).

16. As set forth in the following Counts, Defendant's communication violated the FDCPA, The Rosenthal Act and NYGBL.

## FIRST COUNT
### Violation of 15 U.S.C. § 1692f
### Unlawful Fee

17. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

18. 15 U.S.C. § 1692f provides a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

19. 15 U.S.C. § 1692f(1) prohibits the collection of any amount, including any interest, fee, charge, or expense incidental to the debt, unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

20. Defendant maintains a website at http://www.superlativerm.com.

21. Defendant's website provides a payment portal, at http://www.resolvemyaccount.com, for consumers to make payments online.

22. Defendant's payment portal sets forth that Defendant charges a processing fee of for payments made.

23. Such processing fee is neither expressly authorized by the agreement creating the debt, nor permitted by law

24. Such processing fee is prohibited by 15 U.S.C. § 1692f(1).

25. Defendant has violated 15 U.S.C. § 1692f by charging a processing fee.

## SECOND COUNT
### Violation of 15 U.S.C. § 1692e
### False Representation as to Unlawful Fee

26. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

27. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representations or means in connection with the collection of any debt.

28. 15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

29. 15 U.S.C. § 1692e(2)(B) prohibits the false representation of any services rendered or compensation that may be lawfully received by any debt collector for the collection of a debt.

30. Defendant violated § 1692e by making a false representation that it is entitled to receive compensation for payment via a processing fee.

31. The least sophisticated consumer would likely be deceived by the processing fee language into believing that Defendant was legally entitled to collect the fee.

32. The least sophisticated consumer would likely be deceived in a material way by Defendant's conduct.

33. Defendant has violated § 1692e by using a false, deceptive and misleading representation in its attempt to collect a debt.

## THIRD COUNT
## Violation of New York General Business Law §349 as to Unlawful Fee

34. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

35. Defendant owed a duty to Plaintiff to effect its collection of Plaintiff's alleged debt with reasonable care.

36. Defendant's improper attempt to collect a processing fee shows a lack of exercise of reasonable care in Defendant's collection of the alleged debt.

37. Defendant breached its duty to collect Plaintiff's alleged debt with reasonable care.

38. Defendant's conduct was committed by Defendant in the conduct of a business, trade or commerce or the furnishing of a service in New York State and constitutes a violation of NY GBL § 349(a).

39. Defendant's conduct was consumer-orientated in that the processing fee was charged in an effort to collect an alleged consumer debt.

40. Defendant's conduct has a broader impact on consumers at large as, upon information and belief, Defendant has wrongfully sought to collect the processing fee from hundreds of consumers.

41. Defendant's conduct has a broader impact on consumers at large as, upon information and belief, Defendant has wrongfully collected the processing fee from hundreds of consumers.

42. Plaintiff is a reasonable consumer.

43. Defendant's conduct would mislead a reasonable consumer.

44. Defendant engaged in a material deceptive act or practice as described herein.

45. Defendant's conduct caused plaintiff to suffer injury.

46. Defendant violated NY GBL § 349(a) and is liable to Plaintiff pursuant to NY GBL § 349(h).

## FOURTH COUNT
### Violation of the Rosenthal Fair Debt Collection Practices Act
### California Civil Code §§ 1788-1788.32

47. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

48. California Civil Code § 1788.17 provides that every debt collector collecting or attempting to collect a consumer debt shall comply with Sections 1692b through 1692j of the FDCPA.

49. Defendant's conduct, as described herein, violates the aforesaid sections of the FDCPA.

50. Because Defendant's conduct, as described herein, violates the FDCPA, it also violates California Civil Code § 1788.17.

51. Defendant's conduct, as described herein, violates multiple provisions of The Rosenthal Act.

52. California Civil Code § 1788.17 provides that every debt collector collecting or attempting to collect a consumer debt shall be subject to the remedies in Section 1692K of the FDCPA.

53. California Civil Code § 1788.30 also provides for actual and statutory damages, as well as the award of reasonable attorney's fees.

54. California Civil Code § 1788.32 provides that the remedies provided in § 1788.30 are intended to be cumulative and are in addition to any other procedures, rights, or remedies under any other provision of law.

Defendant is liable to Plaintiff pursuant to California Civil Code § 1788.30.

## JURY DEMAND

55. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

a. Statutory damages against Defendant pursuant to 15 U.S.C. § 1692k of $1,000.00; and

b. Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

c. Plaintiff's actual damages; and

d. Damages against Defendant pursuant to NYGBL § 349; and

e. Damages against Defendant pursuant to The Rosenthal Act §1788.30; and

f. Plaintiff's costs; together with

g. Such other relief that the Court determines is just and proper.

DATED: July 23, 2015

**BARSHAY SANDERS PLLC**

By: /s/ Craig B. Sanders
Craig B. Sanders, Esq. [Cal. Bar. No. 284397]
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
csanders@barshaysanders.com
*Attorneys for Plaintiff*
Our File No.: 109363